IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KANDACE KEHAULANI IAUKEA, #A6039119,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF PUBLIC SAFETY,<br><br>　　　　　Defendant. | Civ. No. 21-00285 JMS-RT<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

## ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the court is Plaintiff Kandace Kehaulani Iaukea's ("Iaukea") prisoner civil rights complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Iaukea alleges that the Department of Public Safety ("DPS") violated her civil rights by failing to protect her from harm at the hands of another inmate.[1] *Id.* For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), with partial leave granted to amend.

---

[1] Iaukea is currently incarcerated at the Women's Community Correctional Center ("WCCC"). *See* VINE, https://www.vinelink.com/classic/#/home/site/50000 (follow "Find an Offender," and enter "Iaukea" in "Last Name" field and "Kandace" in "First Name" field) (last visited July 19, 2021).

# I. **STATUTORY SCREENING**

The court is required to screen all prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (per curiam).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint.  Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see* Fed. R. Civ. P. 8(a)(2) and (d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>IAUKEA'S CLAIMS</u>[2]

Iaukea alleges that another inmate at the WCCC, Randi-Keli Banagan, "attacked and assaulted" her on November 1, 2020. ECF No. 1 at PageID # 6.

---

[2] For purposes of screening, Iaukea's factual allegations are accepted as true. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

While Iaukea was playing cards at a table with two other inmates, Banagan came up from behind her and wrapped an arm around Iaukea's neck "in a choke hold position."[3]  *Id.*  Iaukea broke free, pushed Banagan away from her, and realized that there was a "laceration" on her neck.  *Id.*

According to Iaukea, there were no prison officials in the room when the incident occurred, and none arrived until after the incident ended.  *Id.*  When prison officials did arrive, they took Iaukea to the medical unit, where prison staff "covered and bandaged" the wound.  *Id.* at PageID # 8.  Iaukea was then taken to Castle Medical Center where she received stitches, lidocaine, and a Tdap vaccination.  *Id.*

Iaukea alleges that Banagan had threatened to "physically abuse" her or "put [her] on the defense" the day before the assault.  *Id.* at PageID ## 6–7.  Iaukea "told security" what Banagan had said, but they returned Iaukea to her dorm without speaking to Banagan.  *Id.* at PageID # 7.

After the November 1 incident, Iaukea asked to be separated from Banagan.  *Id.*  Although prison officials moved Iaukea to segregated housing, she claims that Banagan could have "attacked" her in the shower on three separate

---

[3] Although Iaukea states that the incident occurred at "12 am," ECF No. 1 at PageID ## 5, 6, given that Iaukea and two other inmates were sitting in the dining hall, playing cards, and socializing during "recreation time," it appears that Iaukea meant to say that she was assaulted at noon, or 12:00 p.m.

occasions.  *Id.*  Iaukea also claims that other inmates retaliated against her in unspecified ways because of her issues with Banagan.  *Id.*  Iaukea seeks unstated monetary damages.  *Id.* at PageID # 8.

### III.  DISCUSSION

**A.    Legal Framework for Claims Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").  "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**B.    Eleventh Amendment**

Iaukea names a single Defendant, the DPS.  ECF No. 1 at PageID ## 1–2.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Iaukea's claims against the DPS, a state department, are barred by the Eleventh Amendment and therefore DISMISSED with prejudice.  *See Blaisdell v. Haw. Dep't Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) (mem.) ("The district court properly dismissed [the plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) (noting that Eleventh Amendment bars suit against the DPS).

Iaukea may amend her pleading, however, to name a proper defendant or defendants.  To the extent Iaukea seeks damages, she must name in his or her individual capacity a defendant or defendants who allegedly deprived her of rights secured by the Constitution or federal statutes.  *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities").  If Iaukea decides to file an amended pleading, she must also consider the following legal standard.

## C.    Eighth Amendment

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments."  U.S. Const. amend. VIII; *see Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).  It imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, citations, and ellipsis omitted); *see also Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc).

Not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  *Farmer*, 511 U.S. at 834.  For a claim based on a failure to prevent harm, the prisoner must allege that (1) he or she was "incarcerated under

7

conditions posing a substantial risk of serious harm"; and (2) a prison official acted with "deliberate indifference" to his or her safety. *Farmer*, 511 U.S. at 834–35.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). It requires more than negligence but does not require purpose or knowledge. *See Farmer*, 511 U.S. at 836. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

## IV. **LEAVE TO AMEND**

The Complaint is DISMISSED with partial leave granted to amend. Iaukea may file an amended pleading on or before August 18, 2021. She must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. Cnty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928.

## V. <u>28 U.S.C. § 1915(g)</u>

If Iaukea fails to file an amended complaint or is unable to amend her claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. <u>CONCLUSION</u>

(1)  The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2)  Iaukea may amend her pleading, however, by curing the noted deficiencies in her claims on or before August 18, 2021.

(3)  The Clerk is DIRECTED to send Iaukea a blank prisoner civil rights complaint form so that she can comply with this order if she elects to file an amended pleading.

9

(4)  Failure to timely file an amended pleading may result in

AUTOMATIC DISMISSAL of this suit without further notice, and Iaukea may

incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 19, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge